**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: FRANCKY C. CARUSO, | No. 17-56578 |
| Debtor. | D.C. No. 2:16-cv-04230-JVS |
| DANIEL G. LOPEZ, | MEMORANDUM[*] |
| Plaintiff-Appellant, | |
| v. | |
| FRANCKY C. CARUSO, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Daniel G. Lopez appeals pro se from the district court's judgment affirming

the bankruptcy court's order holding Lopez and his attorney in civil contempt and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

imposing sanctions. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court did not abuse its discretion by holding Lopez and his attorney in civil contempt and imposing compensatory sanctions because Lopez and his attorney had notice of the discharge and intentionally filed the state court action in violation of the discharge injunction. *See ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1007 (9th Cir. 2006) (a party who knowingly violates a discharge injunction can be held in contempt under 11 U.S.C. § 105(a)); *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003) (setting forth standard of review).

Lopez's request for judicial notice (Docket Entry No. 9) is denied as unnecessary.

**AFFIRMED.**